UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CHARLES E. PLANTZ,

      Plaintiff,

v.                          Civil Action No. 2:19-cv-00631

GALLAGHER BASSETT
SERVICES, INC.,

      Defendant.

MEMORANDUM OPINION AND ORDER

      Pending are defendant Gallagher Bassett Services, Inc.'s ("Gallagher Bassett") motion to dismiss the complaint (ECF No. 6), filed October 17, 2019, motion to stay discovery (ECF No. 19), filed January 8, 2020, and motion for leave for additional time to join parties (ECF No. 23), filed January 31, 2020.  Additionally, pending is plaintiff Charles Plantz's motion to amend the scheduling order (ECF No. 25), filed May 8, 2020, and motion to modify the scheduling order (ECF No. 27), filed September 22, 2020.

I.    Background

      On September 3, 2015, Plantz injured his left shoulder while repositioning 55-gallon drums on pallets as an employee of Express Services, Inc.  Compl. ¶¶ 7-8.  A January 13, 2016 MRI

revealed no rotator cuff tear, but it was recommended that the plaintiff undergo shoulder surgery.  Id. ¶¶ 9-11.  Dr. Soulsby performed arthroscopic surgery on the plaintiff's left shoulder on August 17, 2016, noting a 50% tear of the biceps tendon but no rotator cuff tear.[1]  Id. ¶¶ 11-13.  Dr. Soulsby indicated on January 13, 2017 that Plantz's shoulder had reached "maximum medical improvement."  Id. ¶ 25.  Dr. Murphy conducted a separate independent medical examination on February 6, 2017, found no rotator cuff tear, and concluded that the plaintiff had reached maximum medical improvement.  Id. ¶¶ 14-16.

The plaintiff reinjured his left shoulder on April 17, 2017 while working as an employee for Total Distribution, Inc. ("Total Distribution").  Id. ¶¶ 3, 17.  An April 25, 2017 MRI revealed that Plantz had torn his rotator cuff.  Id. ¶ 17.  On an unspecified later date, the plaintiff filed a claim for workers' compensation benefits relating to this injury.  Id. ¶ 6.  Plantz alleges that Gallagher Bassett oversaw the initial workers' compensation proceedings as a third-party claims administrator and agent of Total Distribution, his employer who is not a party to this case.  See Compl. ¶ 2.

---

[1]     As the complaint does not provide the first names of all relevant doctors, this opinion will refer to them by their last names only.

To aid the proceeding, Dr. Azzo composed a September 5, 2017 report on the plaintiff's injury after a review of his medical records.  Id. ¶¶ 20, 24, 32.  Plantz asserts that this report contained multiple inaccuracies.  Specifically, the plaintiff alleges that Dr. Azzo incorrectly: (1)  concluded that the April 2017 injury resulted in a sprain rather than a tear of the plaintiff's rotator cuff; (2) stated the April 25, 2017 MRI occurred on April 17, 2017; (3) ascribed findings from the January 13, 2016 prior injury MRI to the April 25, 2017 MRI; (4) failed to explicitly document that he was relying on the January 2016 MRI; and (5) relied on medical records that do not exist.  Id. ¶¶ 18, 20, 24, 32, 33, 34, 43, 44, 46.

On September 13, 2017, Gallagher Bassett's claim administrator issued a decision denying the claim.  Id. ¶ 34.  In doing so, the defendant allegedly intentionally relied on Dr. Azzo's false reports and misquoted deposition testimony from Dr. Soulsby, who, contrary to the defendant's opinion, had actually indicated that the plaintiff needed an additional arthroscopic surgery to repair the rotator cuff tear.  Id. ¶¶ 19, 20, 29, 31, 34, 49.  Gallagher Bassett found that no further medical treatment was necessary.  Id. at 34.

Gallagher Bassett then instructed Dr. Azzo to complete an addendum to his report.  Id.  The doctor did so on September 18, 2017. Id. ¶ 35.  Plantz alleges that the addendum: (1) falsely states the plaintiff had a MRI on both April 17, 2017 and April 25, 2017; (2) again attributes findings from the January 2016 prior injury MRI to the April 25, 2017 MRI; and (3) concludes that the plaintiff experienced on April 17, 2017 a partial, but not complete, tear of his rotator cuff, rather than a sprain as stated by him in his September 5, 2017 report.  Id. ¶¶ 38, 44-48.  Dr. Azzo's addendum concluded that Plantz "had reached [the] maximum degree of medical improvement and required no work restriction as a result" of his injury.  Office of Judges Opinion 5, ECF No. 8.[2] After this addendum was completed, Dr. Soulsby objected to Gallagher Bassett's consideration of Dr. Azzo's report and asked Gallagher Bassett to "re-evaluate and authorize a repeat

---

[2]   Gallagher Bassett has filed the decision of the Office of Judges as an exhibit to the pending motion to dismiss.  ECF No. 8. Documents attached to motions to dismiss may be considered without converting the motion to that for summary judgment "so long as they are integral to the complaint and authentic."  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).  The opinion is integral to the complaint because Plantz also alleges that Gallagher Bassett committed fraud while misrepresenting evidence to the Office of Judges, and such a claim requires reliance by the appellate body on the allegedly false representations, presumably in its decision.  See Cobb v. E.I. duPont deNemours & Co., 549 S.E.2d 657, 661 (1999).  Further, Plantz does not challenge the document's authenticity.  See Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 607 (4th Cir. 2015).  Accordingly, the court will consider the document as it relates to the pending motion.

arthroscopy, so we can try and correct his shoulder problem and get him back into a productive mode." Compl. ¶¶ 51-55.

Plantz states that he protested the September 13, 2017 denial of his claim to the West Virginia Workers' Compensation Office of Judges on October 2, 2017. Id. ¶ 56. Plantz alleges financial problems forced him to return to work while injured and states that he had to request pain medication from Dr. Soulsby during the pendency of the protest. Id. ¶ 57.

Plantz asserts that "Gallagher Bassett knowingly relied on false information from Dr. Azzo and submitted his [initial and addendum] reports to the Office of Judges . . . ." Id. ¶ 58. He also states that an agent hired and controlled by Gallagher Bassett, attorney Jeffrey Brannon, was primarily responsible for presenting these misrepresentations to the Office of Judges while representing Total Distribution during the protest. Id. ¶¶ 19 n. 1, 40. Plantz indicates that his counsel objected to Gallagher Bassett's submission of Dr. Azzo's reports during the protest, to which Gallagher Bassett did not respond. Id. ¶¶ 19 n. 1, 40, 58.

The Office of Judges reversed Gallagher Bassett's decision in an opinion dated December 19, 2017. Office of Judges Opinion. In doing so, the appellate body stated that "[t]he [initial] report of Dr. Azzo is not found to be reliable." Id. 10. The Office of Judges further found that Dr. Azzo's "maximum

5

medical improvement" determination was contradicted by the opinion of Dr. Soulsby.  Id.  Plantz's complaint does not discuss the decision of the Office of Judges.

After the conclusion of the administrative appellate proceedings, Plantz filed the present action on September 3, 2019. Compl.  He specifically asserts one count of workers' compensation fraud against Gallagher Bassett but essentially alleges two separate types of fraud allegations: (1) fraud relating to the third-party administrator's consideration of findings of Dr. Azzo and Dr. Soulsby when it denied the workers' compensation claim (the "denial-related allegations"); and (2) fraud relating to Gallagher Bassett's representations to the Office of Judges during the protest (the "protest-related allegations") Id. ¶¶ 21, 40, 48, 58.  He asserts that Persinger v. Peabody Coal Co., 474 S.E.2d 887 (1997) provides the basis for these workers' compensation fraud allegations.  Id. ¶ 6.

## II.   Motion to Dismiss

### A.   Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) correspondingly provides that a pleading may be dismissed when

there is a "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss, a pleading must recite "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

A district court's evaluation of a motion to dismiss is underlain by two principles.  First, the court "must accept as true all of the factual allegations contained in the [pleading]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56).  Such factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as true.  Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Second, the court must "draw[] all reasonable factual inferences . . . in the [nonmovant's] favor."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Additionally, Rule 9(b) imposes a heightened pleading standard for fraud claims.  Fraud must be pled with particularity, and "the circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (citation and internal quotation marks omitted).  "These facts are often referred to as the who, what, when, where, and how of the alleged fraud."  United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (internal citation and quotation marks omitted).

B.   Discussion

Gallagher Bassett argues that the plaintiff has failed to state a claim upon which relief can be granted for several reasons.  It asserts that alleged fraudulent representations to the Office of Judges were not performed by Gallagher Bassett or its agents.  Def.'s Mem. Supp. Motion to Dismiss ("Def.'s Mem.") 13-14, ECF No. 7.  Additionally, the defendant contends that the plaintiff's claim should be dismissed because the plaintiff has failed to plead facts sufficient to meet the elements of a workers' compensation fraud claim or the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  Id. 5-10.

8

Gallagher Bassett also insists that the plaintiff's fraud claim is not cognizable under West Virginia law.  Id. 11-13.  The court will address these arguments in turn.

> i. **Alleged Fraudulent Conduct before the Office of Judges**

A significant portion of the allegations raised in the complaint concern alleged fraudulent representations by Gallagher Bassett to the Office of Judges in connection with the protest of the claims administrator's initial decision to deny workers' compensation benefits.  As noted, the complaint appears to allege that attorney Jeffrey Brannon was the individual who committed the fraud on Gallagher Bassett's behalf before the Office of Judges. Gallagher Bassett contends that these allegations should be dismissed because Brannon represented Total Distribution, who is not a party to this case, but not the third-party claims administrator, Gallagher Bassett, when it opposed Plantz's protest.  Def.'s Mem. 14.

Plantz's response, as well as the complaint, indicates that Brannon was hired by Gallagher Bassett to represent Total Distribution, Inc. during the protest.  Compl. ¶ 19 n. 1, ¶ 40; Pl.'s Corrected Resp. in Opp. To Mot. To Dismiss ("Pl.'s Resp.") 8, 12, ECF No. 12.  The plaintiff argues the complaint "suggest[s] that [Gallagher Bassett's] individual claims administrator and the attorney hired to defend the employer were in concert in their

efforts to knowingly use false evidence to defeat Plaintiff's workers' compensation claim."  Pl.'s Resp. 8.

The complaint thus alleges that Brannon acted at the behest of Gallagher Bassett but recognizes that the attorney officially represented Total Distribution, Inc.  The complaint also indicates that Brannon was, at least partially, responsible for allegedly fraudulent representations made to the Office of Judges.  The record at this time does not clarify Brannon's precise role in the administrative proceedings.  Inasmuch as the complaint avers that Gallagher Bassett hired and directed the actions of Brannon during the protest, the fraud allegations will not be dismissed on the ground that Brannon represented Total Distribution rather than the defendant.

     ii.  <u>Failure to Sufficiently Plead a Persinger Claim</u>

Generally, a plaintiff must prove the following essential elements to succeed on a fraud claim under West Virginia law: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it."  Syl. Pt. 4, <u>Cobb</u>, 549 S.E.2d at 658 (citations omitted).  However, Plantz proceeds with his workers' compensation claim under <u>Persinger</u>.  In <u>Persinger</u>, the Supreme

Court of Appeals of West Virginia recognized "a separate and
distinct cause of action against an employer for damages as a
result of the employer knowingly and intentionally fraudulently
misrepresenting facts to the Workers' Compensation Fund that are
not only in opposition to the employee's claim, but are made with
the intention of depriving the employee of benefits rightfully due
him." Syl. Pt. 1, Persinger, 474 S.E.2d at 889. "A plaintiff
need not show that he or she personally relied upon the fraudulent
act to succeed in a Persinger cause of action. Instead, the
material and false reliance element in a Persinger action refers
to the party to whom an employer conveyed false information."
Cobb, 549 S.E.2d at 661.

        Gallagher Bassett argues that the plaintiff has failed
to sufficiently plead a Persinger claim. The defendant
essentially offers two separate arguments on this issue:
(1) Plantz has not pled facts that support the elements of a
Persinger workers' compensation fraud claim; and (2) Plantz has
not satisfied the heightened pleading standard of Federal Rule of
Civil Procedure 9(b). Def.'s Mem. 5-10; Def.'s Reply 1-4.

        The plaintiff responds that he has sufficiently met the
heightened pleading standard with "62 very specific allegations
detailing the fraudulent acts of Defendant and its agent" but
requests that the court grant leave to amend the complaint should

                                 11

it find that it fails to comply with Rule 9(b).  Pl.'s Resp. 4,
12.  Plantz does not directly address the defendant's position
that he has failed to plead facts that meet the elements of a
workers' compensation fraud claim.

        The court finds that any claim stemming from the
protest-related allegations before the Office of Judges should be
dismissed.  As the defendant argues, the complaint does not plead
any facts that would meet the reliance or damages elements of a
protest-related workers' compensation fraud claim.  Def.'s Mem.
10.  Plantz asserts that Gallagher Bassett was responsible for
conveying the falsities of Dr. Azzo's report to the Office of
Judges, but he does not allege that the Office of Judges relied on
such information in deciding the protest to his detriment.  Nor
could he.  The Office of Judges explicitly found Dr. Azzo's report
to be unreliable and reversed the decision of Gallagher Bassett.
Inasmuch as the plaintiff has failed to plead facts that could
plausibly give rise to a protest-related <u>Persinger</u> claim, the
fraud claim concerning Gallagher Bassett's role during the protest
will be dismissed.

        That said, the court finds that the complaint facially
pleads facts that satisfy the standards for a denial-based
<u>Persinger</u> claim and Rule 9(b) fraud claims.  Plantz has pled that
Gallagher Bassett is responsible for the alleged fraud.  Plantz

has also pled that Gallagher Bassett's claim administrator
obtained and considered false and material misrepresentations,
i.e., Dr. Azzo's flawed initial report and the misquoted evidence
of Dr. Soulsby.  The plaintiff has pled that Gallagher Bassett
relied on the false materials in rendering the denial on September
13, 2017.  Indeed, the complaint indicates that reliance on the
false materials was the sole reason for the defendant's adverse
decision.  Additionally, the plaintiff has pled that he suffered
damages, namely, that he was denied workers' compensation pending
his protest to the Office of Judges and was forced to return to
work while injured with the assistance of pain medications.
Plantz's allegation that Gallagher Bassett acted as an agent for
Total Distribution also insinuates that the defendant as well as
the principal derived some benefit from the denial of the workers'
compensation claim.  Accordingly, the court finds that the
plaintiff has pled facts that generally satisfy the elements of a
Persinger claim for denial-related allegations as well as the
heightened pleading requirements of Rule 9(b).

    iii. Cognizable Persinger Claims Under West Virginia Law

    Finally, Gallagher Bassett argues that Plantz's workers'
compensation fraud claim is not cognizable under West Virginia
law.  The defendant asserts that West Virginia Code section
23-2C-21(a) bars the plaintiff "from asserting a cause of action

13

for workers' compensation fraud against a third-party administrator such as Gallagher Bassett." Def.'s Mem. 11-12. Further, Gallagher Bassett contends that Plantz's reliance on Persinger is misplaced because that opinion did not create or contemplate a common law workers' compensation fraud cause of action against a third-party administrator as distinguished from the employer. Def.'s Mem. 13.

Plantz responds that § 23-2C-21(a) does not bar his claim because the 1996 Persinger decision created a common law cause of action for fraud claims against employers that extends to the fraud claim against the third-party administrator in this case. Pl.'s Resp. 1, 5. The plaintiff emphasizes that Gallagher Bassett acted as Total Distribution's agent when it allegedly considered clearly false evidence when initially denying the workers' compensation claim. See Pl.'s Resp. 5, 7; see also Compl. ¶ 2 (alleging that the defendant is "an agent and claims administrator for Total Distribution, Inc.").

In Persinger, the court found that W. Va. Code § 23-2-6, which provides statutory immunity from suit to employers who comply with the workers' compensation statute, did not bar workers' compensation fraud claims against employers. Syl. Pt. 1, Persinger, 474 S.E.2d at 889; see also W. Va. § 23-2-6 (1991). To reach this conclusion, the Persinger court analyzed other states'

14

interpretations of statutes that similarly prescribe administrative workers' compensation claims as exclusive remedies against employers.  The court observed that:

> [t]he common rationale prevalent throughout the decisions which have found that an employee can maintain a cause of action in fraud against an employer outside the realm of workers' compensation exclusivity provision[s] is to permit recovery when: (1) the injury giving rise to the cause of action is not suffered during the course of employment; and (2) the employer's fraudulent misrepresentation of facts in an attempt to deprive an injured employee of benefits rightfully due him from a previous work-related injury is separate and distinct from any injury envisioned to be encompassed under workers' compensation laws.

Persinger, 474 S.E.2d at 896-97 (alterations added).  Accepting this rationale, the court determined that § 23-2-6, which does not specifically bar fraud claims relating to misrepresentations made by employers during workers' compensation proceedings, "only contemplates an exemption of contributing employers from liability for 'damages at common law or by statute for the injury or death of any employee' arising out of a negligently-inflicted injury of an employee."  Id. at 897 (quoting W. Va. Code § 23-2-6 (1991)) (internal citation omitted).

As noted, Gallagher Bassett is a third-party claims administrator, and § 23-2C-21, rather than § 23-2-6, provides the potential statutory bar to the fraud claim in this case. Specifically, § 23-2C-21 states: "[n]o civil action may be brought or maintained by an employee against a private carrier or a third-

party administrator, or any employee or agent of a private carrier

or third-party administrator, who violates any provision of this

chapter or chapter thirty-three of this code." W. Va. Code § 23-

2C-21(a). Subsection (c) provides that

> [u]pon a determination by the Office of Judges that a
> denial of compensability, a denial of an award of
> temporary total disability or a denial of an
> authorization for medical benefits was unreasonable,
> reasonable attorney's fees and the costs actually
> incurred in the process of obtaining a reversal of the
> denial shall be awarded to the claimant and paid by the
> private carrier or self-insured employer which issued
> the unreasonable denial.

W. Va. Code § 23-2C-21(c) (alteration added). "A denial is

unreasonable if . . . the private carrier or self-insured employer

is unable to demonstrate that it had evidence or a legal basis

supported by legal authority at the time of the denial which is

relevant and probative and supports the denial of the award or

authorization." Id.

       Whether Persinger's fraud claim exception to § 23-2-6

applies in the § 23-2C-21 third-party administrator context

remains an open question. In Barber v. Sedgwick Claims Mgmt.

Servs., Inc., No. 3:14-cv-27349, 2016 WL 6211714, at *4 (S.D. W.

Va. Oct. 24, 2016) (denying motion for judgment on the pleadings),

this court rejected an argument that § 23-2C-21 bars common law

fraud claims against third-party administrators involved in the

adjudication of a workers' compensation claim. The fraud

allegations in that case concerned false information presented to

16

the third-party administrator prior to the initial denial of the plaintiff's workers' compensation claim that remained in the record during the protest to the Office of Judges.  <u>Barber</u>, 2016 WL 1069682, at *1-2 (S.D. W. Va. March 17, 2016) (denying motion to dismiss).  The court emphasized that § 23-2C-21(a) only bars claims raised for violations of the worker's compensation (Chapter 23 of the West Virginia Code) or insurance statutes (Chapter 33 of the West Virginia Code) and found that the common law fraud claim alleged against the third-party administrator "falls outside the statutory violations and thus outside the scope of the statute's applicability."  <u>Barber</u>, 2016 WL 6211714, at *4 (citing W. Va. Code § 23-2C-21 (2009)).

More recently, the West Virginia Supreme Court decided <u>State ex rel. Gallagher Bassett Servs., Inc. v. Webster</u>, 829 S.E.2d 290 (W. Va. 2019).  The plaintiff in that case asserted both workers' compensation discrimination and <u>Persinger</u> fraud claims against the defendant third-party administrator.  The court specifically held that § 23-2C-21(a) prohibited the plaintiff's discrimination claim and that the fraud claim was barred by the statute of limitations.  <u>Id.</u> at Syl. Pt. 2, 300.  The third-party administrator did not argue that § 23-2C-21(a) bars <u>Persinger</u> fraud claims, but the court offered the following commentary in a footnote:

> In <u>Persinger</u>, we recognized a cause of action for
> "knowingly and intentionally fraudulently
> misrepresenting facts ... in opposition to [an]
> employee's [workers' compensation] claim ... with the
> intention of depriving the employee of benefits
> rightfully due him."  Conduct that would provide a cause
> of action under <u>Persinger</u> would also seem "unreasonable"
> for purposes of W. Va. Code § 23-2C-21(c), which might
> plausibly implicate Section 21's ban on civil actions
> against third-party administrators for "violat[ing] any
> provision of this chapter[.]"

<u>Id.</u> at 296 n. 11 (alterations in original) (internal citations

omitted).  The West Virginia Supreme Court has not issued any

subsequent opinions expounding thereon or solidifying this

possibility as precedent.

Like the issue of a potential statutory bar, another

question concerning the applicability of <u>Persinger</u> remains

unresolved.  <u>Persinger</u> addressed fraud claims against employers,

and as noted, the defendant contends that the <u>Persinger</u> decision

does not apply to third-party administrators.

Apart from references to <u>Persinger</u>'s focus on employer

liability, the defendant cites no caselaw supporting this

position.  Def.'s Mem. 13; Def.'s Reply 7-8.  Additionally, the

West Virginia Supreme Court expressly declined to reach this issue

in <u>Webster</u> and did not provide any further guidance.  See <u>Webster</u>,

829 S.E.2d at 298 n. 13 ("Because we hold that [the plaintiff's]

<u>Persinger</u> claim is barred by the statute of limitations, we need

not consider whether Persinger's references to 'an employer'
provide a further basis for dismissing this claim against
Gallagher Bassett.").  Other authority, at least implicitly,
supports the extension of Persinger to claims similar to the
allegations in this case.  While the Barber court did not address
this precise issue, its opinions denying the third-party
administrator's motion to dismiss and motion for judgment on the
pleadings necessarily contemplate the application of Persinger to
third-party administrators who have committed fraud.  See Barber,
2016 WL 621171, at *4; 2016 WL 1069682, at *4-6.

        After due consideration, the court concludes that the
issue of whether the denial-related fraud allegations presents a
matter cognizable under West Virginia law requires further
development of the factual record.  Accordingly, the motion to
dismiss is denied at this juncture as to the denial-based
allegations.

## IV.  The Remaining Motions

        Several discovery-related motions remain pending.  The
defendant's motion to stay discovery is premised on the argument
that the motion to dismiss could be dispositive.  ECF No. 19.  The
court has now resolved the motion to dismiss, and the motion to
stay discovery will accordingly be denied.

19

The defendant also filed a motion to extend the deadline to join additional parties based on the pendency of the motion to dismiss.  ECF No. 23.  Gallagher Bassett does not explain which parties it may seek to join, and the court will deny this motion, without prejudice.

Plantz has filed two nearly identical motions that request extensions of all deadlines, citing an impasse on discovery during the pendency of the motion to dismiss.  ECF Nos. 25 and 27.  The motions also indicate that Rule 26(a)(1) disclosures have not been served.  The court will grant these motions and extend the deadlines set forth in the scheduling order, ECF No. 17, with one exception.  The court declines to extend the deadline to join additional parties.  Should the parties seek leave to join additional parties, they are directed to file a separate motion and specify the parties to be added.  Further, the court will direct the parties to serve Rule 26(a)(1) disclosures forthwith.

## V.   Conclusion

For the foregoing reasons, it is hereby ORDERED that:

1.   The defendant's motion to dismiss (ECF No. 6) be, and it hereby is, GRANTED, in part, and DENIED, in part.  The plaintiff may proceed with his fraud claim regarding his denial-

based allegations.  The fraud claim relating to the protest is DISMISSED.

2.    The defendant's motion to stay discovery (ECF No. 19) be, and it hereby is, DENIED.

3.    The defendant's motion for leave for additional time to join parties (ECF No. 23) be, and it hereby is, DENIED, without prejudice.  Insofar as the defendant seeks to join additional parties, it is directed to file a separate motion for leave to join additional parties.

4.    The plaintiff's motions to amend the scheduling order (ECF Nos. 25 and 27) be, and hereby are, GRANTED.  However, insofar as the plaintiff seeks to join additional parties, he is directed to file a separate motion for leave to join additional parties.

5.    The parties shall adhere to the following amended schedule:

| Deadline | Date |
|---|---|
| Last date to serve discovery requests | 12/14/2020 |
| Opening Rule 26 expert disclosures | 11/30/2020 |
| Responsive Rule 26 expert disclosures | 12/29/2020 |
| Rebuttal Rule 26 expert disclosure | 01/14/2021 |
| Discovery to close | 01/28/2021 |
| Dispositive motions deadline | 02/17/2021 |
| Response to dispositive motion | 03/03/2021 |
| Reply to response to dispositive motion | 03/10/2021 |
| Settlement meeting | 04/20/2021 |
| Motion in limine deadline | 04/27/2021 |
| Responses for motions in limine | 05/04/2021 |
| Proposed pretrial order to defendant | 04/26/2021 |
| Integrated pretrial order | 05/03/2021 |
| Pretrial conference | 05/14/2021 1:30 PM |
| Proposed jury charge | 06/01/2021 |
| Final settlement conference | 06/07/2021 1:30 PM |
| Trial | 06/08/2021 9:30 AM |

6.    The parties are directed to serve Rule 26(a)(1) disclosures within 10 days of the entry of this order.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER:    September 30, 2020

John T. Copenhaver, Jr.
Senior United States District Judge

22